IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ZACHERY KOHLI,

: CASE NO. 1:14 CV 01665
:
:
Plaintiff,  : MEMORANDUM OF OPINION AND
: ORDER DENYING THE DEFENDANT'S
-vs-   : MOTION TO DISMISS
:
:
JAVITCH, BLOCK, RATHBONE, LLC,
:
Defendants.

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is a motion to dismiss the plaintiff's complaint filed by the defendant Javitch, Block, & Rathbone, LLC ("Javitch"). (Doc. 10). The plaintiff Zachery Kohli has responded, and the defendant has replied. For the reasons that follow, the Court will deny the motion.

I.

For the purpose of deciding the defendant's motion, factual allegations contained in the plaintiff's complaint are assumed true, while legal conclusions couched as factual allegations are not. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). As alleged in the complaint, the defendant Javitch, a debt collection agency, won a judgment against the plaintiff and began garnishing the plaintiff's wages. Through counsel, the plaintiff

allegedly entered into a "new agreement" with the defendant to pay $600.00 per month for five separate accounts on the plaintiff's student loan debt. It is alleged that the first payment under this agreement was due on June 15, 2014. The plaintiff contends that despite knowledge of the June 15 due date, the defendant executed a wage garnishment on the plaintiff on June 10, 2014, in violation of the spirit of the agreement.

By so doing, the plaintiff maintains, the defendant violated the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. 1692, *et seq.* The plaintiff alleges the following specific violations under the Act:

> a. Defendant violated §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.
>
> b. Defendant violated §1692e by using any false, deceptive, or misleading representation or means in connection with the collection of a debt.
>
> c. Defendant violated §1692e(2)(A) by the false representation of the character, amount, or legal status of a debt.
>
> d. Defendant violated §1692f(1) by collecting any amount, including any interest, fee, charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement or permitted by law.

The defendant now moves to dismiss the complaint.

## II.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

The defendant's position is that the plaintiff's FDCPA claim is founded on a breach of contract claim. The defendant argues that because the plaintiff does not allege a plausible breach of contract claim, his FDCPA claim must also fail. The defendant points out that there is no allegation in the complaint that Javitch promised to forbear collection activity; therefore, Javitch argues, it did not breach any agreement with the plaintiff when it continued to garnish the plaintiff's wages. In addition, the defendant indicates that the complaint contains no allegation that Mr. Kohli held up his end of the bargain by actually making a payment on June 15 as agreed by the parties. As such, the defendant maintains, because the FDCPA claim essentially depends on an implausible breach of contract claim, the FDCPA claim is itself implausible.

The Court, having duly considered the defendant's argument, is not persuaded. The question here is not whether a contract was breached; the question is whether Javitch took an action that violated the FDCPA. In evaluating whether this happened, and, in particular, whether there was a violation of 15 U.S.C. § 1692e, the Court considers whether the defendant's actions, viewed from the perspective of the least sophisticated consumer, were false, deceptive, or misleading. Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 172 (6th Cir. 2011). This "test is objective, and asks whether there is a reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them." Id. (citing Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 592 (6th Cir.2009)).

In this instance, the plaintiff states that the defendant began garnishing his wages on June 10, 2014. The plaintiff alleges a plausible violation of 15 U.S.C. § 1692e

3

because Javitch had agreed, as part of a "new agreement," that Javitch would begin accepting monthly payments of $600.00 beginning June 15, 2014. With the factual allegations construed in favor of the plaintiff and viewed from the perspective of the least sophisticated consumer, the defendant's promise to accept monthly payments as part of a "new agreement" would reasonably appear false, deceptive, or misleading in light of the defendant's act of continuing to garnish the plaintiff's wages.

The Court further rejects the defendant's argument asserted in its reply brief that the plaintiff has forfeited his FDCPA claims under 15 U.S.C. §§ 1692d, 1692e(2)(A), and 1692(f), by not specifically opposing their dismissal in his opposition to the defendant's motion to dismiss. The Court need not consider new arguments raised in a reply brief. See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008). Further, the defendant moved to dismiss based on the one argument described above, which the Court rejected. The defendant only vaguely asserted that the plaintiff's claims under 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692(f)(1) were insufficiently pled. The Court accordingly rejects Javitch's argument that the plaintiff's claims should be dismissed.

III.

For the reasons stated above, the defendant's motion to dismiss is denied.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 9 June 2015

4